QUACKENBOS v. SAYER, appellant.

*Usury — facts constituting — what is not a sale.*

Defendant's son applied to plaintiff for a loan. Plaintiff said he had no spare money; that his money was all invested in certain railway bonds. Afterward in consequence of negotiations made by the son, who was pressed for money, of which fact plaintiff had knowledge, defendant executed a mortgage for $375 more than the amount of the bonds. At the time the bonds were not worth over eighty or ninety per cent of their face, and plaintiff knew they were to be used by the son to raise money. *Held,* that the transaction was a loan and not a sale, and was usurious.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee. The action was brought in Orange county, by

Quackenbos v. Sayer.

John M. Quackenbos against William H. Sayer, and others, to foreclose a mortgage executed by said Sayer to plaintiff. The defense was usury. The circumstances under which the loan to secure which the mortgage was given were these : Stephen H. Sayer, a son of the defendant above named, in December, 1869, applied to the plaintiff for a loan of $5,000. Plaintiff informed said Stephen H. that he had no money to lend; that he had invested all his spare funds in the mortgage bonds of the Montgomery and Erie Railroad Company, but that he would have some money on the 1st of April following. To this Stephen H. replied that his finances were in such a shape that he could not hold out until that time. The parties·separated, and some time afterward Stephen H. had an interview with plaintiff the result of which was that it was agreed that a mortgage should be given for $5,375 by defendant, upon certain real estate owned by him, and he should receive therefor five of the railroad bonds mentioned, of $1,000 par value each. The mortgage was executed on the 8th of January, 1870, and defendant received an order for the bonds upon the person having charge of them, which he transferred to his son, Stephen H., who obtained the bonds and negotiated a loan upon them of eighty per cent of their face value. The bonds were subsequently sold at private sale for eighty-five per cent.

At the trial, plaintiff testified that he sold the bonds to defendant at 107½ and took the mortgage therefor. Stephen H. Sayer testified on behalf of defendant, that the amount of the mortgage was made up by plaintiff adding $375, as the amount of taxes he would have to pay, to the $5,000, par value of the bonds. Testimony was introduced, showing that bonds of the railroad company had been sold at various prices from 80 to 95 per cent, and even at par at various times. At the time of the execution of the mortgage it was shown that not far from 80 was the market value.

The referee held that the transaction was a sale and not a loan, and directed judgment of foreclosure and sale, from which defendants, William H. Sayer and wife, appealed.

*Daniel Finn,* for appellants. It is not necessary to prove a corrupt agreement; the court will infer usury from the facts. *Powell* v. *Waters*, 8 Cow. 696; *Bank of Utica* v. *Wager*, 2 id. 769; *Dry Dock Bank* v. *Am. L. Ins. & Tr. Co.*, 3 N. Y. 369; *Schermer-*

*horn* v. *Talman*, 14 id. 93, 118, 120; *Farm. L. & T. Co.* v. *Carroll*, 5 Barb. 613, 657; *Fielder* v. *Darrin*, 50 N. Y. 437. The transaction was a loan and not a sale. Ord on Usury, 23; *Ketchum* v. *Barber*, 4 Hill, 224; *Rapelye* v. *Anderson*, id. 472.

*J. M. Wilkin* and *S. W. Fullerton*, for respondents, cited *Dry Dock Bank* v. *Am. L. Ins. & T. Co.*, *supra*; *Schermerhorn* v. *Talman*, *supra*.

BARNARD, P. J.  I cannot concur with the referee in his finding, that the transaction in question was a sale of railroad bonds, and not a loan. The application was for a loan. The demand was urgent for money. The bonds were received as a substitute for money, and this fact was known to plaintiff. The bonds were not worth par. It is quite clear that $375 was added to the mortgage, for the prospective taxes on the bond and mortgage. The plaintiff agreed to carry the loan, procured by Sayer at 80 on the bonds for three months, for a year; a fact totally inconsistent with a *bona fide* sale.

Upon the whole case, I think a loan was intended under the form of a sale, and that the judgment should be reversed, and a new trial granted at special term, costs to abide event.

*Judgment reversed and new trial granted.*